# Exhibit 19

## 17-204. Trust accounting.

A. **Required records; maintenance and reporting.**

(1) *Types of records.* Every attorney subject to these rules shall maintain complete records, in either hard copy or stored electronically on a computer, of the receipt, deposit, investment, and disbursement of all funds, securities, and other property received by the attorney from or on behalf of a client and shall further maintain on a current basis all books and records that will establish the attorney's compliance with this rule, Rule 16-115 NMRA of the Rules of Professional Conduct, and Rule 24-109 NMRA of the Rules Governing the New Mexico Bar. For purpose of this rule, an attorney is deemed to have the necessary "required records" by maintaining the following:

(a) a record of all deposits into and withdrawals from each trust account, specifically identifying the date, source, and description of each item deposited as well as the date, payee, and purpose of each disbursement, and all deposit slips shall separately identify each item deposited;

(b) a separate ledger or account for each separate trust client, containing the information required by Subparagraph (1)(a) of this paragraph, which shall include a continuing balance of each individual client trust account ledger maintained with the total of the balances of all individual client trust account ledgers equaling the beginning balance of all individual client trust accounts, plus the total of all additional amounts received in trust, minus the total of all trust monies disbursed;

(c) copies of all retainer and compensation agreements with clients;

(d) copies of all statements to clients, which statements shall reflect all transactions on the trust account for the period to which the statements relate;

(e) all checkbooks, check stubs, bank statements, copies of cancelled checks, and duplicate deposit slips on each trust checking account;

(f) copies of invoices and statements received from others and paid out of trust funds;

(g) written reconciliations made at least monthly of the checkbook balance, the bank statement balance, and the client trust ledger sheet balances;

(h) copies of those portions of each client's case file reasonably necessary for a complete understanding of the financial transactions pertaining to the client's case file;

(i) proof of compliance with Rule 24-109 NMRA and copies of reports received from the financial institution in compliance with Rule 24-109(B) NMRA;

(j) for properties other than cash, a separate ledger for each client identifying the date received, the name of the person from whom received, the description of the property (including make, model, serial number, and other identifying marks), its location in the attorney's office or other location, the date released by the attorney and to whom released.

(2) *Written trust account plan required.* In addition to the records required under Subparagraph (1) of this rule, a written trust account plan shall be maintained for all client trust accounts

that includes, at a minimum, the following:

(a) the name of every attorney who has authority to sign client trust account checks;

(b) the name of every attorney who is responsible for monthly reconciliation of the law firm's trust accounts;

(c)  the name of every attorney who is responsible for answering questions, including those from the Disciplinary Board, regarding the client trust accounts; and

(d) the name of every attorney who will be responsible for maintaining the records of and continuing the maintenance of the client trust accounts in the event the law firm dissolves, is sold, or otherwise ceases to exist or provide legal services. The existence of the written trust account plan, including the designation of an attorney responsible for monthly reconciliations of the law firm's trust accounts, the maintenance of records of the trust accounts, and the responsibility for answering questions pertaining to the trust accounts, does not relieve any attorney from compliance with the terms of this rule, Rule 16-115 NMRA, Rule 24-109 NMRA, or any other Rules of Professional Conduct or Rules Governing the New Mexico Bar.

(3)   *Trust account reporting requirements.* In addition to the requirements of Rule 16-115 NMRA and Rule 24-109 NMRA, an attorney shall keep a complete record and report annually on the certificate of compliance required under Paragraph D of this rule the name of each financial institution and each account number of every financial institution in which the attorney maintains funds received from or on behalf of a client.

(4)   *Duration and preservation of records.* The records required by this rule shall cover the entire time from receipt to the time of final disposition by the attorney of all such funds, securities, and other properties. Attorneys shall preserve all such records for a period of five (5) years after final disposition of said funds, securities, or other properties, or, as to fiduciary or trust records, five (5) years following the termination of the fiduciary or trust relationship.

(5)   *Accessibility; duty to produce; administrative suspension sanctions.* An attorney shall produce records requested by the Disciplinary Board or the New Mexico Client Protection Fund Commission within ten (10) days of the request unless the attorney has a good faith objection to producing the records. Failure to produce the records may result in immediate suspension of the attorney's license to practice law under Rule 17-207(B) NMRA.

(6)   *Trust account disbursements and oversight responsibilities.* Trust account disbursements shall be made only by authorized bank transfer, including electronic transfer, or by check payable to a named payee, but not to cash. Signature authority for an attorney trust account may not be delegated to a nonattorney. At least one (1) attorney admitted to practice law in this state shall be an authorized signatory on an attorney trust account and shall be responsible for either making or overseeing monthly reconciliations of the client trust account ledger, checkbook, and bank statement and shall be responsible for answering questions regarding the client trust account, although all attorneys in the law firm must comply with this rule, Rule 16-115 NMRA, and Rule 24-109 NMRA.

B. **Trust account overdraft notification.**

(1)   *Definitions.* As used in this paragraph the following definitions apply:

(a) "financial institution" means any financial institution authorized by federal or state law to do

business in New Mexico, the deposits of which are insured by an agency or instrumentality of the federal government.

(b) "properly payable" means that an instrument presented in the normal course of business is in a form requiring payment under the laws of New Mexico.

(c) "notice of dishonor" means the notice that a financial institution is required to give under the laws of New Mexico on presentation of an instrument that the institution dishonors.

(2) *Clearly identified trust accounts required.* Attorneys who practice law in New Mexico shall deposit all funds held in trust in New Mexico in accordance with Rule 16-115 NMRA and Rule 24-109 NMRA in accounts clearly identified as "Attorney Trust Account" or "IOLTA Account" referred to in this rule as "trust accounts" and shall take all steps necessary to inform the financial institution of the purpose and identity of such accounts. Funds held in trust include funds held in any fiduciary capacity in connection with a representation whether as trustee, agent, guardian, executor, or otherwise. Trust accounts shall be maintained only in financial institutions approved by the Disciplinary Board. Any trust accounts that are IOLTA accounts shall also be maintained in financial institutions approved by the State Bar of New Mexico under Rule 24-109(B)(3) NMRA. The Disciplinary Board and State Bar of New Mexico shall coordinate their respective oversight functions to ensure that all trust accounts comply with the applicable requirements in this rule and Rule 24-109 NMRA.

(3) *Overdraft notification agreement required.* A financial institution shall be approved as a depository for trust accounts if it has filed with the Disciplinary Board an agreement in a form provided by the Disciplinary Board to report to the Office of Disciplinary Counsel whenever any properly payable instrument is presented against a trust account containing insufficient funds, whether or not the instrument is honored. The Supreme Court shall establish rules governing approval and termination of approval status for financial institutions, and, in consultation with the Disciplinary Board, the State Bar of New Mexico shall annually publish a list of approved financial institutions for purposes of this rule and Rule 24-109 NMRA. No trust account shall be maintained in any financial institution that does not agree to make such reports. Any such agreement shall apply to all branches of the financial institution and shall not be cancelled except upon thirty (30) days notice in writing to the Supreme Court or the Disciplinary Board.

(4) *Overdraft reports.* The overdraft notification agreement required by Subparagraph (3) of this paragraph shall provide that all reports to the Office of Disciplinary Counsel made by the financial institution shall be in the following format:

(a) In the case of a dishonored instrument, the report shall be identical to the overdraft notice customarily forwarded to the depositor and should include a copy of the dishonored instrument if such a copy is normally provided to depositors.

(b) In the case of instruments that are presented against insufficient funds but which instruments are honored, the report shall identify the financial institution, the attorney or law firm, the account number, the date of presentation for payment and the date paid as well as the amount of overdraft created thereby. Such reports shall be made simultaneously with and within the time provided by law for notice of dishonor, if any. If an instrument presented against insufficient funds is honored then the report shall be made to the Office of Disciplinary Counsel within five (5) banking days of the date of presentation for payment against insufficient funds.

(5) *Consent by attorneys.* Every attorney practicing or admitted to practice in New Mexico is

deemed to consent, as a condition thereof, to the reporting and production requirements mandated by this rule.

(6) *Designation of financial institution as approved depository.* The designation of a financial institution as an approved depository under this rule shall not constitute a warranty representation or guaranty by the Supreme Court, the Disciplinary Board or the Office of Disciplinary Counsel as to the financial soundness, business practices, or other attributes of the financial institution. Approval of a financial institution under this rule means only that the financial institution has agreed to meet the reporting requirements in this paragraph.

(7) *Costs.* Nothing in this rule precludes a financial institution from charging an attorney or a law firm for the reasonable cost of producing all reports and records required by this rule.

(8) *Proof of compliance.* Upon receipt of an overdraft notification concerning an attorney trust account, disciplinary counsel may, in addition to requiring a response to all other inquiries concerning the overdraft, require proof of compliance with all of the requirements set forth in Paragraph A of this rule.

C. **Continuing education requirement.** Every attorney subject to these rules shall, no less than once every three (3) years, attend a continuing legal education course offered or approved by the Disciplinary Board and approved for one (1) hour or more of continuing legal education credit by the New Mexico Minimum Continuing Legal Education Board on the topic of client trust account procedures and maintenance. An attorney who is exempted from the terms of this rule under Paragraph E of this rule shall take such a course within one (1) year of any change in circumstance that results in this rule becoming applicable to that attorney.

D. **Certificate of compliance.** On forms provided by the state bar and approved by the Supreme Court, every attorney shall annually submit to the state bar the attorney's Trust Account Certification/IOLTA Compliance form demonstrating either compliance with this rule, including compliance with Paragraph C of this rule, and Rule 24-109 NMRA, or claiming an exemption from this rule under Paragraph E of this rule. Such form shall include the financial institution name, the account name, and the account number of any and all accounts in which client funds are held, and the date, title, and location of the last course taken by the attorney as required by Paragraph C of this rule, and shall be submitted to the state bar with the registration statement filed under Rule 24-102.1 NMRA. The state bar shall retain the original of each form and shall provide to the Disciplinary Board a copy of any form requested. When the state bar certifies to the Supreme Court that any member of the state bar has failed or refused to comply with the provisions of this paragraph, the clerk of the Supreme Court shall issue a citation to such member requiring the member to show cause before the Court, within fifteen (15) days after service of such citation, why the member should not be suspended from the right to practice in the courts of this state. Service of the citation may be by personal service or by first class mail postage prepaid. The member's compliance with the provisions of this paragraph on or before the return day of such citation shall be deemed sufficient showing of cause and shall serve to discharge the citation.

E. **Applicability of rule.** This rule shall not apply

(1) to any attorney whose entire compensation derived from the practice of law during the year preceding the filing of any registration statement was received in the attorney's capacity as an employee of a corporation handling legal matters for that corporation or as an employee of an agency of the federal, state, or local government; or

(2)     to any attorney who does not and, in the year preceding the filing of the certificate of compliance has not had possession of any funds, securities, or other properties of a client. Any attorney claiming an exemption from this rule must do so on the certificate of compliance set forth in Paragraph D of this rule.

[As amended, effective January 1, 1990; July 1, 1991; April 1, 2002; as amended by Supreme Court Order No. 08-8300-026, effective January 1, 2009; as amended by Supreme Court Order No. 09-8300-019, effective January 1, 2010; as amended by Supreme Court Order No. 14-8300-026, effective January 1, 2015; as amended by Supreme Court Order No. 16-8300-026, effective December 31, 2016; as amended by Supreme Court Order No. 21-8300-030, effective for all cases filed or pending on or after December 31, 2021.]

**Committee commentary.** — The overdraft notification provisions in Paragraph B of this rule require that all overdrafts on trust accounts be reported by financial institutions to the Office of Disciplinary Counsel simultaneously with notice to the attorney of the overdraft. Only financial institutions that agree to do so will be approved as depositories for trust accounts.

The overdraft notification provisions in this rule are intended to help prevent misappropriation by providing a method for early warning of improprieties in the handling of attorney trust accounts; the two most obvious indications of possible misappropriation are a trust account overdraft or a dishonored trust account check. Upon receipt of an overdraft notification, the Office of Disciplinary Counsel will contact the attorney or law firm and request an explanation for the overdraft; a letter may also be sent requesting a documented explanation. If the overdraft is the result of an accounting error, the attorney or law firm shall submit a written explanation, including any documents to substantiate the explanation. If the explanation is satisfactory, the overdraft notice will not be recorded as a complaint against the attorney, and the matter will be at an end. If the attorney or law firm cannot supply an adequate or complete explanation for the overdraft, the overdraft notice will be recorded as a complaint, and further investigation will ensue.

[Adopted by Supreme Court Order No. 09-8300-019, effective January 1, 2010.]

## ANNOTATIONS

**The 2021 amendment,** approved by Supreme Court Order No. 21-8300-030, effective December 31, 2021, in Paragraph D, after "Rule", deleted "17-202" and added "24-102.1".

**The 2016 amendment,** approved by Supreme Court Order No. 16-8300-026, effective December 31, 2016, rewrote the rule to provide for the types of accounting records that are required to be maintained by every attorney; in the heading, deleted "Required records." and added "Trust accounting."; in Paragraph A, in the heading, added "maintenance and reporting"; added the subparagraph designation "(1)"; in Subparagraph (A)(1), added "Types of records.", after "complete records", added "in either hard copy or stored electronically on a computer", after "compliance with", added "this rule", and after "Rules Governing the New Mexico Bar.", deleted the remainder of the paragraph and added the new language in the paragraph; in Subparagraph (B)(2), after "Rule 16-115 NMRA", deleted "of the Rules of Professional Conduct", after "Rule 24-109 NMRA", deleted "of the Rules Governing the New Mexico Bar", after "referred to", deleted "herein" and added "in this rule", after "State Bar of New Mexico under", deleted "Subparagraph (3) of Paragraph B of", and after "Rule 24-109", added "(B)(3)"; added a new Subparagraph (B)(8); added a new Paragraph C and redesignated former Paragraphs C and D as Paragraphs D and E, respectively; in Paragraph D, after

"every attorney", deleted "subject to these rules", after "demonstrating", added "either", after "compliance with this rule", added "including compliance with Paragraph C of this rule", after "Rule 24-109 NMRA", added "or claiming an exemption from this rule under Paragraph E of this rule", after "funds are held", added "and the date, title, and location of the last course taken by the attorney as required by Paragraph C of this rule", after "registration statement filed", deleted "pursuant to" and added "under", and deleted "Whenever the State Bar of New Mexico shall certify" and added "When the state bar certifies"; in Paragraph E, added new subparagraph designations (1) and (2); in Subparagraph (E)(1), after "an employee", added "of a corporation", after "legal matters", deleted "of a" and added "for that", after "corporation or", added "as an employee of", and after "government", added "or"; and in Subparagraph (E)(2), deleted "Any such attorney shall, in lieu of the required certificate, certify on the same form provided by the clerk that the attorney has not had possession of any funds, securities, or other properties of a client." and added all new language.

**The 2014 amendment,** approved by Supreme Court Order No. 14-8300-026, effective January 1, 2015, in the third unnumbered paragraph of Paragraph A, added "the following" after "maintaining"; in Paragraph B(2), replaced "Center for Civic Values" with "State Bar of New Mexico" as the institution that has approval authority over financial institutions that maintain trust accounts, and added the last sentence; in Paragraph B(3), added language requiring the State Bar of New Mexico, "in consultation with" the Disciplinary Board, to publish a list of financial institutions approved to maintain trust accounts; and in Paragraph C, replaced "of the Rules Governing the New Mexico Bar" with "NMRA" and replaced the "Center for Civic Values" with the "State Bar of New Mexico" as the institution required to retain certificates of compliance and to inform the Supreme Court when any member of the state bar has failed to comply with Paragraph C.

**The 2009 amendment**, approved by Supreme Court Order No. 09-8300-019, effective January 1, 2010, in Subparagraph (5) of the second paragraph of Paragraph A, after "bank statements", added "copies of"; and added Paragraph B.

**The 2008 amendment,** approved by Supreme Court Order No. 08-8300-026, effective January 1, 2009, added the references to Rule 24-109 NMRA in the first and second unnumbered paragraphs of Paragraph A; in Subparagraph (9) of Paragraph A, deleted the phrase "if the attorney participates in the IOLTA program" and the reference to Rule 16-115 NMRA and added the references to Rule 24-109 NMRA; and in Paragraph B, provided that forms shall be provided by the state bar and approved by the Supreme Court, deleted the provision that forms will be prescribed by the disciplinary board, added the provision requiring attorneys to submit the Trust Account Certification/IOLTA Compliance form demonstrating compliance with this rule and Rule 24-109 NMRA, deleted the reference to Rule 16-115 NMRA, provided that the form shall include the financial institution name, account name and the account number of all accounts in which client funds are held, deleted the requirement that the state bar forward certificates of compliance to the disciplinary board, and added the last four sentences.

**The 2002 amendment,** effective April 9, 2002, in Subparagraph A(1), substituted "each trust account" for "the attorney's trust account(s)"; in Subparagraph A(9), deleted "Subparagraph (5) of" preceding "Paragraph D of Rule 16-115"; and in Paragraph B, substituted "The original of each certificate of" for "all certificates of" and "and a copy of each certificate of compliance to the Center for Civil Values" for "for filing" in the last sentence.

**Attorney may not claim attorney-client privilege.** — Since the purpose of this rule is to insure that client funds are at all times protected while in an attorney's possession, to allow an attorney to claim confidentiality or the client's privilege to preclude the examination of these records would defeat the entire purpose of the rule. *In re Rawson*, 1992-NMSC-036, 113 N.M. 758, 833 P.2d 235.

**ATM cards.** — This rule prohibits disbursements to cash; therefore, an attorney with an automatic withdrawal card available on his trust account was in violation of this rule and subject to suspension. *In re Ruybalid*, 1994-NMSC-117, 118 N.M. 587, 884 P.2d 478.

**Trust account requirements.** — This rule and Rule 16-115 NMRA set forth in detail exactly what an attorney must do to be in compliance with the requirements for maintaining attorney trust accounts. An attorney who produced ledger sheets which did not contain the information required to be recorded and who refused to cooperate with disciplinary counsel in violation of Rule 16-803 NMRA was subject to suspension. An attorney's failure to properly maintain an attorney trust account will be viewed as a transgression of the most serious nature. *In re Ruybalid*, 1994-NMSC-117, 118 N.M. 587, 884 P.2d 478.

**Failure to follow procedures.** — Since the attorney failed to comply with the requirements for maintaining his trust account, the Supreme Court imposed the recommended discipline of a two-year deferred suspension, with probation throughout the deferral period; if the attorney successfully completed his probation and the other conditions included in the discipline being imposed, he would be automatically reinstated to full licensure at the conclusion of the two-year period. *In re Turpen*, 1995-NMSC-009, 119 N.M. 227, 889 P.2d 835.

Failure of an attorney to properly maintain his trust account records constituted a violation of Rules 16-115 and 16-804H NMRA and, coupled with other violations, such failure warranted disbarment. *In re Greenfield*, 1996-NMSC-015, 121 N.M. 633, 916 P.2d 833.

**Failure to maintain proper trust account records.** — Where attorney and client entered into two fee agreements, the first of which required client to pay a $7,500 retainer to secure payment of fees, and the second of which required client to pay a flat fee of $25,000 that would cover all work to be performed from the date of the agreement forward, and where attorney failed to account for these payments in her trust account ledger, but deposited the checks directly into her law firm's operating account, and where attorney, absent any invoices to reflect work performed for client, transferred from her trust account to her operating account over $20,000 of funds held on behalf of client, attorney violated the provisions of Subsection A, because any retainer or flat fee not yet earned is client money that must be safely kept and held in trust for the client, and a lawyer must maintain complete records of a client trust account. *In re Behles*, 2019-NMSC-016.

**Attorney was guilty of misuse of trust funds** when, for a short period of time, he withdrew client funds amounting to more than he had earned as of that date; a two-year deferred suspension, with supervised probation, was the appropriate sanction. *In re Cannain*, 1997-NMSC-001, 122 N.M. 710, 930 P.2d 1162.

**Burden of suspended attorney.** — Suspended attorney has the burden of demonstrating that his readmission poses no danger to the public, the profession, or the administration of justice, and a mere statement of a desire to engage in the practice of law does not satisfy this requirement. *In re Stafford*, 1987-NMSC-091, 106 N.M. 298, 742 P.2d 510.

**Awareness of recent legal developments.** — Simply reading an occasional borrowed bar bulletin does not suffice to show an awareness of recent legal developments. An attorney seeking

readmission should attend seminars designed to acquaint attorneys with the present state of the law. *In re Stafford*, 1987-NMSC-091, 106 N.M. 298, 742 P.2d 510.

**Duty where restitution at issue.** — When restitution is at issue, an applicant for reinstatement should be prepared to disclose his financial situation and present in good faith a realistic plan for making payments once the financial problems are alleviated. *In re Stafford*, 1987-NMSC-091, 106 N.M. 298, 742 P.2d 510.

**Disbarment warranted.** — Disbarment was the appropriate sanction, since defendant commingled his own monies with a trust account, issued checks to clients for whom no monies were on deposit, issued checks against insufficient funds and transferred monies from the trust account to his own accounts. *In re Rawson*, 1992-NMSC-036, 113 N.M. 758, 833 P.2d 235.

**Indefinite suspension warranted.** *In re Chavez*, 1996-NMSC-059, 122 N.M. 504, 927 P.2d 1042.

**Two-year suspension warranted.** *In re Reid*, 1996-NMSC-060, 122 N.M. 517, 927 P.2d 1055.

**Law reviews.** — For comment, "The Clark Report and the Revised New Mexico Disciplinary Procedures," see 2 N.M.L. Rev. 292 (1972).