# Exhibit 20

## 24-109. Trust accounts; special requirements for IOLTA trust accounts.

	A.	**IOLTA-eligible funds.** Funds of a client or third person shall be deemed IOLTA-eligible and shall be deposited in a lawyer's or law firm's IOLTA account unless the funds can earn income for the benefit of the client or third person in excess of the costs incurred to secure and distribute such income to the client or third person. In determining whether a client's or third person's funds can earn income in excess of the costs to secure and distribute such income, the lawyer or law firm shall consider the following factors:

		(1)	the amount of interest or dividends that the funds are expected to earn during the period they are expected to be deposited;

		(2)	the cost of establishing and administering non-IOLTA accounts for the benefit of clients or third persons, including the costs of the lawyer's services, and the costs of preparing any tax reports required for interest or dividends on earned funds;

		(3)	the capability of financial institutions, lawyers, or law firms to calculate and pay interest or dividends to individual clients or third persons; and

		(4)	any other circumstances that affect the ability of the client's or third-person's funds to earn interest or dividends in excess of the costs to secure such interest or dividends.

	The lawyer or law firm shall review its IOLTA account at reasonable intervals to determine whether any changed circumstances require further action with respect to the funds of any client or third person.

	B.	**Special requirements for trust accounts containing IOLTA-eligible funds.** Except as provided in Subparagraph (8) of this paragraph, a lawyer or law firm shall establish and maintain in compliance with the following provisions one or more interest or dividend-bearing trust accounts for the deposit of all IOLTA-eligible funds of clients or third persons. Each such account shall be referred to as an IOLTA account.

		(1)	No interest or dividends from an IOLTA account shall be made available to a lawyer or law firm.

		(2)	An IOLTA account shall be established with any financial institution authorized by federal or state law to do business in New Mexico, the deposits of which are insured by an agency or instrumentality of the federal government. Funds in each IOLTA account shall be subject to withdrawal upon request and without delay except as permitted by law.

		(3)	Lawyers may maintain IOLTA accounts only in eligible financial institutions. Eligible financial institutions are those that voluntarily offer IOLTA accounts and comply with the requirements of this rule, including maintaining IOLTA accounts that pay the highest rate of interest or dividends generally available from the institution to its non-IOLTA customers when IOLTA accounts meet or exceed the same minimum balance or other account eligibility qualifications, if any. In determining the highest rate of interest or dividends generally available from the institution to its non-IOLTA customers, an eligible financial institution may consider factors, in addition to the IOLTA account balance, customarily considered by the institution when setting rates of interest or dividends for its customers, provided that such factors do not discriminate between IOLTA accounts and accounts of non-IOLTA

customers, and that these factors do not include that the account is an IOLTA account. The determination of whether a financial institution is an eligible financial institution and whether it is meeting the requirements of this rule shall be made by the State Bar of New Mexico. The State Bar of New Mexico shall maintain a list of participating eligible financial institutions and shall provide a copy of the list to any lawyer upon request.

        (a) An eligible financial institution may satisfy these comparability requirements by electing one of the following options:

        (i)    establish the IOLTA account as the comparable rate product;

        (ii)    pay the comparable rate on the IOLTA checking account in lieu of actually establishing the comparable highest interest rate or dividend product; or

        (iii)    pay an amount on funds that would otherwise qualify for the investment options noted in Subparagraph (c) of Subparagraph (3) of this paragraph equal to fifty-five percent (55%) of the federal funds targeted rate as of the first business day of the month or other IOLTA remitting period, which amount is deemed to be already net of allowable reasonable service charges or fees. This "benchmark yield amount" may be adjusted once per year by the State Bar of New Mexico, upon ninety (90) days' written notice to financial institutions participating in the IOLTA program.

        (b) IOLTA accounts may be established as:

        (i)    a business checking account with an automated investment feature, such as an overnight investment in repurchase agreements or money market funds invested solely in or fully collateralized by United States government securities, including United States Treasury obligations and obligations issued or guaranteed as to principal and interest by the United States or any agency or instrumentality thereof;

        (ii)    a checking account paying preferred interest rates, such as money market or indexed rates;

        (iii)    a government interest-bearing checking account such as an account used for municipal deposits;

        (iv)    an interest-bearing checking account such as a negotiable order of withdrawal (NOW) account, or business checking account with interest; or

        (v)    any other suitable interest or dividend-bearing deposit account offered by the institution to its non-IOLTA customers.

        (c) A daily financial institution repurchase agreement shall be fully collateralized by United States government securities and may be established only with an eligible institution that is "well capitalized" or "adequately capitalized" as those terms are defined by applicable federal statutes and regulations. An open-end money-market fund shall be invested solely in United States government securities or repurchase agreements fully collateralized by United States government securities, shall hold itself out as a "money-market fund" as that term is defined by federal statutes and regulations under the Investment Company Act of 1940 and, at the time of investment, shall have total assets of at least two hundred fifty million dollars ($250,000,000).

        (d) Nothing in this rule shall preclude a participating financial institution from paying a higher

rate of interest or dividends than described above or electing to waive any service charges or fees on IOLTA accounts.

(e) Interest and dividends shall be calculated in accordance with the participating financial institution's standard practice for non-IOLTA customers.

(f) "Allowable reasonable service charges or fees" for IOLTA accounts are defined as per check charges, per deposit charges, a fee in lieu of minimum balances, sweep fees, FDIC insurance fees, and a reasonable IOLTA account administrative fee.

(g) Allowable reasonable service charges or fees may be deducted from interest or dividends on an IOLTA account only at the rates and in accordance with the customary practices of the eligible institution for non-IOLTA customers. No fees or service charges other than allowable reasonable service charges and fees may be assessed against or deducted from the interest or dividends on an IOLTA account. Any fees and service changes other than allowable reasonable service charges and fees shall be the sole responsibility of, and may be charged to, the lawyer or law firm maintaining the IOLTA account.

(4)     Lawyers or law firms depositing IOLTA-eligible funds in an IOLTA account pursuant to this paragraph shall direct the financial institution

(a) to remit at least quarterly to the State Bar of New Mexico all interest or dividends, net of any allowable reasonable service charges or fees, computed on the average monthly balance in the account or otherwise computed in accordance with the institution's standard accounting practices, provided that the financial institution may elect to waive any or all such charges or fees;

(b) to transmit to the State Bar of New Mexico with each remittance a report showing the name of the lawyer or law firm on whose behalf the remittance is sent, the amount of remittance attributable to each IOLTA account, the time period covered by the report, the IOLTA account number for each account, the rate of interest or dividends remitted, the amount and type of service charges or fees deducted, if any, the average daily account balance of the period for which the report is made, and such other information as may be reasonably required by the State Bar of New Mexico;

(c)  to transmit to the depositing lawyer or law firm a statement in accordance with normal procedures for reporting to depositors of the financial institution; and (d)not to deduct any service charges or fees in excess of the interest or dividends earned during the remitting period from the principal of an IOLTA account or from interest, dividends, or principal of any other IOLTA account.

(5)     The lawyer or law firm may deposit the lawyer's or law firm's own funds in an IOLTA account for the sole purpose of paying service charges or fees on the account or obtaining a waiver thereof, but only in an amount necessary for that purpose.

(6)     The State Bar of New Mexico shall hold all funds transmitted to it in a separate account created solely for the purpose of operating the IOLTA program in accordance with this rule. The State Bar of New Mexico shall submit for approval by the Supreme Court an annual report and budget for administering the IOLTA program. In addition to paying for the costs of administering the IOLTA program in accordance with the annual budget approved by the Supreme Court, the State Bar may disburse funds and award grants in consultation with the New Mexico Commission on Access to Justice and approval of the Supreme Court for the following public purposes:

(a) to provide legal assistance to the poor;

(b) to provide legal education;

(c)  to improve the administration of justice; and

(d) for such other programs for the benefit of the public as are specifically approved by the Supreme Court of New Mexico from time to time.

(7)	Every lawyer not exempt from this paragraph shall certify in compliance with Rule 17-204 NMRA that all IOLTA-eligible funds held by the lawyer for the benefit of any client or third-person are deposited in an IOLTA account.

(8)	A lawyer is exempt from the requirements of this paragraph if

(a) the lawyer is a judge, an employee of a local, state, federal, or tribal government, corporate counsel, or a teacher of law, or is otherwise not engaged in the private practice of law;

(b) the nature of the lawyer's practice is such that the lawyer does not hold IOLTA-eligible funds of any client or third person;

(c)  the lawyer does not have an office within the State of New Mexico or has the client's or third person's permission to hold the funds out of state; or

(d) the lawyer has applied for and obtained an exemption from the State Bar of New Mexico based on undue hardship for the lawyer based on geographic distance between the lawyer's principal office and the closest financial institution that is participating in the IOLTA program in accordance with criteria and procedures the State Bar of New Mexico shall establish.

C.  **Interest or dividend-producing trust accounts for the benefit of a client or third person.** A lawyer or law firm may establish one or more interest or dividend-bearing trust accounts for the deposit of a client's or third person's funds that are not IOLTA-eligible, the net income from which will be paid to the client or third person.

D.  **Good-faith judgment.** The determination of whether the funds of a client or third person are IOLTA-eligible in that they can earn income in excess of costs as provided in Paragraph A of this rule shall rest in the sound judgment of the lawyer or law firm, and no lawyer shall be charged with an ethical impropriety based on the good-faith exercise of such judgment.

E.  **Designation as eligible financial institution.** The designation of a financial institution as an eligible financial institution by the State Bar of New Mexico pursuant to this rule shall not constitute a warranty, representation or guaranty by the State Bar of New Mexico as to the financial soundness, business practices, or other attributes of the financial institution. The designation of a financial institution as eligible under this rule means only that the financial institution has agreed to meet the comparability requirements in Subparagraph (3) of Paragraph B of this rule for IOLTA accounts. Every attorney is responsible for determining whether the funds of each individual client will be insured under the laws, rules, and regulations governing the financial institution that the attorney selects for the deposit of IOLTA-eligible funds. If an attorney establishes an IOLTA account with a federally insured credit union, the attorney is responsible for determining whether each client whose funds will be deposited in the IOLTA account must be a member of the credit union for that client's funds to be federally insured. If so, the attorney shall either ensure that the client is a member of the credit union or deposit the client's IOLTA-eligible funds in another eligible financial institution where the funds will be federally insured.

[Adopted by Supreme Court Order No. 08-8300-027, effective January 1, 2009; as amended by Supreme Court Order No. 11-8300-018, effective May 17, 2011; as amended by Supreme Court Order No. 14-8300-026, effective January 1, 2015.]

## ANNOTATIONS

**The 2014 amendment,** approved by Supreme Court Order No. 14-8300-026, effective January 1, 2015, replaced "Center for Civic Values" with "State Bar of New Mexico" throughout the rule; in Paragraph B(6), deleted language that gave the Center for Civic Values the responsibility of distributing IOLTA funds, and added language requiring the State Bar of New Mexico to hold IOLTA funds in an account created solely for the purpose of operating the IOLTA program, requiring the State Bar of New Mexico to submit an annual report and budget for administering the IOLTA program, and giving the State Bar of New Mexico the authority to "disburse funds and award grants in consultation with the New Mexico Commission on Access to Justice and approval of the Supreme Court".

**The 2011 amendment,** approved by Supreme Court Order No. 11-8300-018, effective May 17, 2011, added Paragraph E to exclude any warranty, representation, or guaranty as to the financial soundness, business practice or other attributes of financial institutions designated by the Center for Civic Values and to require attorneys to determine the soundness of financial institutions selected for IOLTA-eligible funds and whether the funds are insured.